IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA RUGG-HARRELL, *et al.*, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> TREEHOUSE FOODS, INC., <br><br> *Defendant*. | Civil Action No. 1:24-cv-10992 <br><br> Hon. Sharon Johnson Coleman |

**AMENDED PRELIMINARY APPROVAL ORDER**

WHEREAS, on January 1, 2025, Plaintiffs Daniel Berbano, Michael Walsh, Michelle Garcia, Marla Knepper, Kristen Beckham, Tracy Foster, Damany Browne, and Amanda Rugg-Harrell (collectively, "Plaintiffs") filed an Amended Class Action Complaint in the Northern District of Illinois against Defendant TreeHouse Foods, Inc. ("Defendant" or "TreeHouse"), on behalf of themselves and all others similarly situated, alleging that TreeHouse failed to disclose and/or misrepresented facts related to the alleged presence of *Listeria monocytogenes* in certain of its food products that were subject to a voluntary recall on October 18, 2024, and as expanded on October 22, 2024 (ECF No. 18);

WHEREAS, Plaintiffs and TreeHouse entered into a Settlement Agreement and Release ("Settlement Agreement") on June 17, 2025, which is attached as **Exhibit 1** to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, filed on June 17, 2025, and sets forth the terms and conditions of the Settlement;[1]

---

[1] Unless otherwise stated, capitalized terms used herein have the meaning given to such terms in the Settlement Agreement.

1

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving Notice to the Settlement Class as more fully described herein;

WHEREAS, TreeHouse does not contest certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, and the supporting Declaration of Jason P. Sultzer of Sultzer & Lipari, PLLC, and exhibits thereto, and finds good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

**Preliminary Certification of the Settlement Class for Settlement Purposes**

2. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, defined as follows, is preliminarily certified for the purpose of settlement only:

> All natural persons who, between the earliest date of distribution of any Covered Product and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale, except for any Excluded Persons.

3. The Settlement Class excludes:

> (1) Any judge presiding over the Litigation, their staff and their immediate family members; (2) Defendant; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in Section VI of the Settlement Agreement.

2

4. The Court preliminary finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

5. Plaintiffs Daniel Berbano, Michael Walsh, Michelle Garcia, Marla Knepper, Kristen Beckham, Tracy Foster, Damany Browne, and Amanda Rugg-Harrell are hereby appointed as Class Representatives of the Settlement Class.

6. Michael R. Reese of Reese LLP, Jason P. Sultzer of Sultzer & Lipari, PLLC, Nick Suciu III of Milberg Coleman Bryson Phillips Grossman, PLLC, Paul Doolittle of Poulin Willey Anastapoulo, Charles E. Schaffer of Levin Sedrin & Berman, Jeffrey S. Goldenberg of Goldenberg Schneider, L.P.A., Jeffrey K. Brown of Leeds Brown, P.C., Randall K. Pulliam of Carney Bates & Pulliam, PLLC, and J. Dominick Larry of Nick Larry Law, LLC are hereby appointed as Class Counsel for the Settlement Class.

7. The Settlement Class, if certified in connection with final approval, shall be for settlement purposes only and without prejudice to the parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**Preliminary Approval of the Settlement**

8. The Court has scrutinized the Settlement Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through pre-suit discovery pursuant to Fed. R. Evid. 408, extensive settlement discussions, and who mediated before the Honorable Steven M. Gold of JAMS ADR. The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential

treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

9. The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

10. The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, any actions brought by the named Plaintiffs concerning a Released Claim.

**Manner and Form of Notice**

11. The Court approves the Notice substantially in the form attached as Exhibit B to the Settlement Agreement and the Claim Forms substantially in the form attached as Exhibits C and D to the Settlement Agreement. The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; of their right to submit a Claim Form; of their right to exclude themselves; and of their right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice before it is disseminated.

12. The Court also finds that the proposed Notice Plan, which includes dissemination of Notice via (i) the Settlement Website, (ii) a toll-free telephone number, and (iii) an internet/social media advertising campaign, will provide the best notice practicable under the circumstances. The Notice and Notice Plan provide due, adequate, and sufficient notice to the Settlement Class, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

13. The Court appoints Angeion Group to serve as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, administer the Claims process, including the determination of valid claims, distribute the Class Benefit to Valid Claimants according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator provided for in the Settlement Agreement.

14. The Settlement Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

    a. Within 45 days following the entry of this Order, the Settlement Administrator will establish the Settlement Website pursuant to the terms of the Settlement Agreement. The Settlement Website shall contain: a complete list of Covered Products as set forth in Exhibit D to the Settlement Agreement; the Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions (to be agreed upon in form and substance between Class Counsel and Defendant); a contact information page that includes the address for the Claim Administrator and addresses and telephone numbers for Class Counsel; the Consolidated Complaint; the Agreement; the signed order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Expenses and/or an application for Service awards. The Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form or request for exclusion, as well as an address to which Claim Forms or requests for exclusion may be mailed. The Settlement Website will be live on the Notice Date. The Settlement Website shall remain accessible until one hundred eighty (180) days after all Settlement Benefits are distributed, except that it will not allow online submission of Claim Forms after the Claim Filing Deadline or

online submission of requests for exclusion after the Exclusion Deadline.

      b.      Within 45 days following entry of this Order, Angeion will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Detailed Notice, Claim Form(s), and other case documents.

      c.      Within 45 days following entry of this Order, Angeion will initiate the internet/social media advertising campaign as described in the Notice Plan, which will direct potential Settlement Class Members to the Settlement Website.

**The Final Approval Hearing**

15. Class Counsel will file their application for an award of attorneys' fees and expenses and for service awards for the Class Representatives fourteen (14) days prior to the objection deadline. The Court will set the date for a Final Approval Hearing, as well as the deadline for Plaintiffs' motion for final approval of the settlement, at the status hearing with the parties currently scheduled for December 12, 2025 at 10:00 am in Courtroom 1241 of the United States District Court, Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604. The Final Approval Hearing will be held for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of Settlement Class Members; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

16. The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

17. Class Counsel's application for an award of attorneys' fees and expenses, and Class

Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.

18. If the Settlement is approved, Settlement Class Members (i.e., those who have not excluded themselves from the Settlement) will be bound by the Release provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgment in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

19. Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement that includes: (i) a caption or title that clearly identifies the proceeding and that the document is an objection, (ii) information sufficient to identify and contact the objector or his or her attorney if represented, (iii) information sufficient to establish the objector's standing as a Settlement Class Member, (iv) a clear and concise statement of the objector's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any (an attorney's signature alone shall not be deemed sufficient to satisfy this requirement). Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection. To be timely, the objection must (a) be electronically filed via the Court's ECF system; or (b) delivered to the Clerk of the Court for filing by mail, express mail or personal delivery, and (c) be filed or received by the Clerk of the Court prior to the Objection deadline, which shall be 60 days after the Notice Date.

20. Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of the Settlement Agreement and as detailed in the Notice shall waive and forfeit any and all rights they may have to object, appear, present witness

testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement Agreement by appeal or other means; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

**Exclusion from the Settlement Class**

21. Members of the Settlement Class who choose to opt out must submit a written request for exclusion either by completing the online exclusion form at the Settlement Website, downloading and submitting to the Settlement Administrator a completed exclusion form, or submitting a valid request to exclude themselves, as described in the Notice, to the Settlement Administrator. The request for exclusion must be submitted online or postmarked no later than 60 days following the Notice Date. The deadline shall be set forth in the Notice and on the Settlement Website.

22. Any member of the Settlement Class who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

23. The Settlement Administrator shall also provide a final report to Class Counsel and TreeHouse, no later than ten (10) days after the deadline for submitting written requests for exclusion, that summarizes the number of opt-out requests received to date, the names of the persons who have timely excluded themselves, and other pertinent information. Class Counsel shall include the information, as appropriate, with their final approval papers.

**Termination of the Settlement**

24. If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null

and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

**The Use of this Order**

25. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of TreeHouse to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that TreeHouse agrees that a litigation class is proper in this Action or any other proceeding; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in this Action against TreeHouse if it was not settled at this point in time.

26. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement or as a defense to any released claim.

27. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: September 2, 2025

_____
HON. SHARON JOHNSON COLEMAN
United States District Court
Northern District of Illinois